UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Cy Williams,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Eaton Group Attorneys, LLC; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Civil Action No.: 3:13-cv-00218<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

**COMPLAINT**

For this Complaint, the Plaintiff, Cy Williams, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. The Plaintiff, Cy Williams ("Plaintiff"), is an adult individual residing in Prairieville, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Eaton Group Attorneys, LLC ("Eaton"), is a Louisiana business entity with an address of 309 North Boulevard, Baton Rouge, Louisiana 70801, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Eaton and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Eaton at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to Discover Bank (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Eaton for collection, or Eaton was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Eaton Engages in Harassment and Abusive Tactics

12.     Defendants previously obtained judgment against Plaintiff in an attempt to collect the Debt.

13.     In or around May 2012, Defendants agreed to suspend execution of their judgment against Plaintiff if he paid Defendants $512.00 per month for 60 months.

14.     Pursuant to their agreement, Plaintiff made timely payments to Defendants.

15.   In or around September, 2012, Plaintiff placed a call to Defendants, requesting permission to skip his September payment due to Hurricane Isaac.

16.   Defendants refused to allow Plaintiff to skip September's payment and began to take measures to garnish Plaintiff's wages.  The Defendants subsequently reconsidered and did not garnish Plaintiff's wages.

17.   In or around December, 2012, Defendants agreed to suspend execution of their judgment against Plaintiff if he paid Defendants $531.00 per month for 50 months.

18.   On or about December 25, 2012, Plaintiff went on Defendants' website and authorized a $531.00 payment to be debited from his bank account.

19.   Such payment was then debited from Plaintiff's account.

20.   On or about January 28, 2013, Plaintiff went on Defendants' website and authorized a $531.00 payment to be debited from his bank account.

21.   Plaintiff's January 2013 payment was never deducted from his bank account, despite his account having the necessary funds.

22.   On or around March 2013, Defendants commenced with wage garnishment against Plaintiff despite the prior agreement.  The Defendants now seek additional fees an expenses for the efforts to garnish Plaintiff's wages.

### C. Plaintiff Suffered Actual Damages

23.   The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.   As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading means in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that Defendants caused charges to be made to Plaintiff.

31. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

32. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to La. Rev. Stat. Ann. §9-625;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 4, 2013

          Respectfully submitted,

          By: ___*/s/ Kenneth D. McLean*_____
          Kenneth D. McLean, Esq. (LSB No. 30190))
          THE McLEAN LAW FIRM, LLC
          P.O. Box 38161
          Germantown, TN 38183-0161
          Telephone: (901) 326-6888
          Facsimile: (901) 531-8102
          Attorneys for Plaintiff

          Of Counsel To:
          LEMBERG & ASSOCIATES L.L.C.
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile:  (203) 653-3424